IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 14, 2009

## SHELBY COUNTY HEALTH CARE CORPORATION, ET AL. v. NATIONWIDE MUTUAL INSURANCE COMPANY

### Direct Appeal from the Circuit Court for Shelby County
No. CT-005823-07, Div. V     Kay S. Robilio, Judge

---

### No. W2008-01922-COA-R3-CV - Filed February 6, 2009

---

Appellant hospital filed suit against Appellee insurance company for damages arising from Appellee's alleged impairment of the Appellant's hospital lien. The trial court granted summary judgment in favor of Appellant hospital, finding that Appellant had perfected its lien under Tenn. Code Ann. §29-22-101, and that the Appellee had impaired that lien pursuant to Tenn. Code Ann. §29-22-104. The trial court, however, limited Appellant's recovery to the amount of coverage under the insurance policy. We affirm as modified herein.

### Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Circuit Court Modified and Affirmed

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Curtis H. Goetsch, Germantown, TN, for Appellant, Shelby County Healthcare Corporation, et al.

Gordon C. Aulgur, Nashville, TN, for Appellee, Nationwide Mutual Insurance Company

### OPINION

On May 29, 2006, Kevin L. Holt was injured in an automobile accident. As a result of his injuries, Mr. Holt was transported to Appellant Shelby County Health Care Corporation d/b/a Regional Medical Center ("The Med"), where he remained hospitalized from May 29, 2006 to May 30, 2006. The charges for Mr. Holt's treatment at The Med totaled $33,823.02.

On June 9, 2006, The Med filed a hospital lien in the Shelby County Circuit Court in the total amount of $33,823.02, along with its Affidavit in support thereof. Mr. Holt was covered under a policy issued by Appellee Nationwide Mutual Insurance Company ("Nationwide"). The policy allows for medical benefits coverage up to $5,000.00. Pursuant to this policy, Nationwide paid

medical coverage proceeds to Medic One in the amount of $1,290.00 for Mr. Holt's transport. Nationwide also payed $3,710.00 to The Regional Medical Center of Northeast Arkansas for Mr. Holt's treatment there, thus exhausting Mr. Holt's medical benefit coverage of $5,000.00. There is no dispute in the record that both the payment to Medic One and to The Regional Medical Center of Northeast Arkansas were made after The Med had filed its lien in this case.

The Med filed suit against Nationwide in the Circuit Court at Shelby County. In its Complaint, The Med asserts that Nationwide impaired its hospital lien by paying benefits to Medic One and the Regional Medical Center of Northeast Arkansas in contravention of the lien The Med held. The Med seeks damages in the amount of the lien. Following discovery, both parties moved the court for summary judgment. On May 23, 2008, the trial court heard arguments on those motions. On July 21, 2008, the trial court entered its order, finding that: (1) The Med had a valid hospital lien in the case, (2) Nationwide had impaired The Med's lien by paying insurance proceeds to Medic One and the Regional Medical Center of Northeast Arkansas, and (3) The Med was entitled to damages in the amount of the policy coverage of $5,000.00.

The Med appeals and raises one issue for review as stated in its brief:

> Whether the trial court erred in the limitation of the award to [The Med] to the amount of the relevant policy limits of the insurance policy issued by...Nationwide, as the result of Nationwide's impairment of The Med's hospital lien.

In the posture of Appellee, Nationwide raises the following, additional issues:

> 1. Whether the trial court erred in finding that The Med held a valid lien against Nationwide.
>
> 2. Whether the trial court erred in finding that Nationwide impaired The Med's lien.

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery material, that there is a genuine, material fact

dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id*. at 211 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). The material facts of this case are not in dispute, and the gravamen of the instant appeal involves the interpretation of Tenn. Code Ann. §29-22-101. Because only questions of law are involved, there is no presumption of correctness regarding a trial court's ruling on the motions for summary judgment. *See Bain*, 926 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

Our Supreme Court has stated that in interpreting statutes, courts are to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). The courts should determine intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn.2000). Further, the rules of statutory construction direct courts not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." *State v. Sims*, 45 S.W.3d 1, 11 (Tenn.2001).

Tenn. Code Ann. §29-22-101 governs hospital liens and provides, in pertinent part, as follows:

> (a) Every person, firm, association, corporation, institution, or any governmental unit, including the state of Tennessee, any county or municipalities operating and maintaining a hospital in this state, shall have a lien for all reasonable and necessary charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims or demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person in the case of such person's death, on account of illness or injuries giving rise to such causes of action or claims and which necessitated such hospital care, treatment and maintenance.
>
> (b) The hospital lien, however, shall not apply to any amount in excess of one third ( 1/3 ) of the damages obtained or recovered by such person by judgment, settlement or compromise rendered or

entered into by such person or such person's legal representative by virtue of the cause of action accruing thereto.

In *University of Tennessee v. Prudential Ins. Co.*, No. 03A01-9611-CV-00345, 1997 WL 119582 (Tenn. Ct. App. March 18, 1997), perm. app. denied (Tenn. Dec. 22, 1997), this Court addressed the applicability of Tenn. Code Ann. §29-22-101 to contractual medical payments arising from insurance coverage. In *Prudential*, as in the case at bar, the party opposing the lien argued that Tenn. Code Ann. §29-22-101 is limited to the imposition of a lien for recovery for damages in an action in tort. Because this case involves payment under Mr. Holt's insurance policy, Nationwide contends that Tenn. Code Ann. §29-22-101 is not applicable. Reading Tenn. Code Ann. §29-22-101 *in pari materia* with Tenn. Code. Ann. § 29-22-102(e)(1),[1] the *Prudential* Court held that:

> It would be anomalous to limit the application of the statute solely to settlements or judgments in tort claims when the patient/plaintiff/claimant was entitled to contractual benefits arising from an illness or injury for which he was hospitalized and for which he received policy benefits on account of the injuries and hospital care.

*University of Tennessee v. Prudential Ins. Co.*, 1997 WL 119582 at *2. Consequently, we conclude that The Med's hospital lien was applicable to any payments made on behalf of Mr. Holt by Nationwide. In its brief, Nationwide contends that the *University of Tennessee v. Prudential Ins. Co.* case is not applicable to the instant appeal. Specifically, Nationwide points to the fact that, in *Prudential*, the insurance proceeds were paid directly to the insured, and not to the service providers. We find this argument to be unpersuasive. From our interpretation, *Prudential* is directly on point in this appeal. How the insurance proceeds are paid (i.e., directly to the insured, or to the service provider) is not the dispositive question under *Prudential*. Rather, as in the case at bar, the gravamen is whether those proceeds were paid in contravention of an existing lien. Before turning to the question of whether Nationwide's payment of insurance proceeds to Medic One and the Regional Medical Center of Northeast Arkansas constitutes an impairment of The Med's hospital lien, we note that The Med's filing a lien in this case constitutes notice to Nationwide of the existence of that lien. Tenn. Code Ann. §29-22-102(c) states that "[t]he filing of the claim shall be notice thereof to all persons, firms or corporations who may be liable on account of such illness or injuries, whether or not they are named in the claim or lien and whether or not a copy of the claim shall have been received by them." Having concluded that The Med had a valid lien in this case, under Tenn. Code Ann. §29-22-102(c), the burden to honor The Med's lien falls to Nationwide.

---

[1] Tenn. Code Ann. §29-22-102(e)(1) provides: "If at the time an insurance carrier or other person, corporation or entity reaches a settlement and obtains a release of liability on or pays a claim filed by a policyholder or other person against such carrier, person, corporation or other entity, the hospital providing treatment to such policyholder or person has not perfected a lien as set out in this section, any lien perfected subsequent to such settlement or payment shall not apply to or create any additional liability on the part of the insurance carrier or other person, corporation or entity paying the settlement or claim."

-4-

Tenn. Code Ann. § 29-22-104 governs impairment of liens and provides, in relevant part, as follows:

> (a) No release or satisfaction or any action, suit, claim, counterclaim, demand, judgment, settlement or settlement agreement, or any of them, shall be valid or effectual as against such lien unless the lienholder shall join therein or execute a release of the lien.
>
> (b)(1) Any acceptance of a release or satisfaction of any such cause of action, suit, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this chapter shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance.

Pursuant to this statute, and specifically § 29-22-104(b)(1) thereof, we conclude that the trial court correctly found that Nationwide impaired The Med's lien in this case. As set out above, Tennessee defines the impairment of a hospital lien as the satisfaction of any claim "in the absence of a release or satisfaction of the lien." Tenn. Code Ann. §29-22-104(b)(1). Such action "shall prima facie constitute an impairment of such lien...." *Id.* Because Nationwide "settled" a claim arising from Mr. Holt's accident (i.e., made payment to Medic One) without a release or satisfaction of The Med's existing lien, under the plain language of Tenn. Code Ann. § 29-22-104, it impaired that lien.

The remaining question, therefore, is what damages are due The Med for Nationwide's violation of the lien.

The Med contends that it is entitled to recover the full amount of Mr. Holt's medical bills as a result of Nationwide's disregarding the lien. Nationwide contends that, under Tenn. Code Ann. §29-22-101(b), *supra*, The Med's recovery is limited to one-third of the amount of Mr. Holt's insurance coverage. Tenn. Code Ann. §29-22-101(b) addresses a hospital's ability to collect under a lien from damages obtained by a patient in a "judgment, settlement or compromise rendered or entered into" by the patient, which is not the scenario before us in this appeal. The distinction between §§29-22-101(b) and 29-22-104(b) was addressed in **Prudential**. In our initial opinion in that case, we affirmed the trial court's holding of lien impairment, but modified the award of damages by limiting the hospital's recovery to the one-third amount set out in Tenn. Code Ann. §29-22-101(b). However, upon the hospital's motion for rehearing, in which it argued that §29-22-101(b) was inapplicable, we granted the motion and held that, under the terms of the statute, the hospital was entitled to the full amount of the lien:

> Section 101(b) provides that the " lien shall not apply to any amount in excess of one-third of the damages obtained or recovered ..." while the statutes in the hospital lien scheme must be read in pari materia, we conclude that where the complaint seeks damages for the impairment of the lien, as contrasted to damages for the enforcement of it, section 101(b) has no application.

*University of Tennessee v. Prudential Ins. Co.,* 1997 WL 119582 at *3. Likewise, in the case at bar, The Med's complaint seeks damages for the impairment of the lien, and seeks damages in the full amount of that lien ($33,823.02). Tenn. Code Ann. §29-22-104(b)(1), as opposed to Tenn. Code Ann. §29-22-101(b), is applicable in this case. The relevant statute provides that, upon impairment of the lien, the "lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement *the reasonable cost of such hospital care, treatment and maintenance*." *Id*. (emphasis added). In the instant case, Nationwide does not dispute the reasonableness of the hospital costs associated with Mr. Holt's stay. Based upon the statutory scheme, and in light of our holding in *Prudential*, we conclude that the trial court erred in limiting The Med's damages for impairment of the lien to the $5,000.00 coverage amount. This holding complies with the Legislative intent to vest hospitals with rights in third party payments made on behalf of its patients. *See, e.g., Martino v. Dyer*, No. M1999-02397-COA-R3-CV, 2000 WL 1727778 (Tenn. Ct. App. Nov. 22, 1999). Furthermore, the similarity between the hospital lien statutes of Tennessee and Alabama (i.e., Ala. Code Ann. §35-11-372 and Tenn. Code Ann. §29-22-104) provides further support for our ruling here. In *Progressive Specialty Ins. Co. v. University of Alabama Hospital*, 953 So.2d 413 (Ala. App. 2006), the insurance company paid benefits directly to the insured, in contravention of the hospital's lien. The Alabama appellate court affirmed the trial court's award of the full amount of the lien to the hospital, holding that "the hospital-lien statute does apply to moneys due a patient by virtue of a contractual undertaking such as an insurance policy." *Id*. at 416. We conclude that the same is true in Tennessee.

For the foregoing reasons, we affirm the order of the trial court as to the findings that The Med perfected its hospital lien, and that Nationwide impaired that lien. We modify the order to reflect a judgment in favor of The Med, and against Nationwide, in the full amount of the lien, $33,823.02. Costs of this appeal are assessed to the Appellee, Nationwide Mutual Insurance Company.

_____
J. STEVEN STAFFORD, J.